UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSE PEREZ                                                             :
                            **Plaintiff,**    :
                            v.                :
POSTGRADUATE CENTER FOR MENTAL HEALTH,                                 :
                       **Defendants.**   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Docket No.:**
**19-cv-00931 (EK)(PK)**

**<u>DECLARATION OF
CELENA R. MAYO, ESQ. IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT</u>**

I, Celena R. Mayo, declare:

**1.** I am an attorney at the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys of record for Postgraduate Center for Mental Health ("PCMH"), the defendant in the instant action. As such I am fully familiar with the facts and circumstances with the facts and circumstances of the proceedings had herein, and from a review of the file which my office maintains in connection with this matter.

**2.** This Declaration is submitted in opposition to Plaintiff's Motion for Summary Judgment and in response to the Declaration of Plaintiff's Counsel Abdul K. Hassan, Esq. in Support of Plaintiff's Motion for Summary Judgment.

**<u>Relevant Procedural Background</u>**

**3.** Plaintiff filed his complaint on February 15, 2019 against an incorrect and defunct corporation that he referred to as Postgraduate Center Columbia Street Residence, Inc.

**4.** On August 9, 2019, a conference was held before Honorable Carol Bagley Amon, United States District Judge, in which the parties agreed that (1) plaintiff would amend his complaint to substitute in and reflect the proper entity, PCMH; (2) the Clerk of Court would remove the defunct entity from the caption; and, (3) defense counsel would accept service of the amended complaint and would not contest the statute of limitations <u>from the date plaintiff filed the</u>

11060414v.1

<u>original complaint</u>. *See* Defendant's Counterstatement of Facts ("DCOF") Ex. "PP" Conference Transcript 7:11-22, 8:12-18.

5. Plaintiff filed his Amended Complaint on August 15, 2019 (ECF No. 13) and PCMH ultimately filed its Amended Answer to the Amended Complaint on August 28, 2019 (ECF No. 25).

6. Pursuant to the Scheduling Order, the deadline for the completion of fact discovery was February 28, 2020. (ECF No. 22).

7. The deadline for the parties to serve their responses to discovery demands was December 12, 2019.

8. While PCMH served its responses to plaintiff's discovery demands, plaintiff failed to do so by the deadline.

9. On January 13, 2020, PCMH moved to compel plaintiff's responses to its discovery demands, after plaintiff failed to respond for one month, failed to request more time to respond and failed to appear for plaintiff's deposition on the notice date, December 17, 2019. (ECF No. 26).

10. The Court granted PCMH's motion and ordered plaintiff to respond to defendant's discovery demands by January 28, 2020, and appear for his deposition, which was held on February 7, 2020. (ECF Dkt. Order Entered January 22, 2020).

11. I appeared with Defendant's corporate deposition designate, Director of Human Resources Danielle Hunter, and nonparty, PCMH Regional Director for Residential Services Edna Sams on February 19 and February 20, respectively – notably, although each witness was scheduled for an entire day, Plaintiff instead elected to question Ms. Sams and Ms. Hunter for approximately one hour each.

12. Pursuant to its continuing obligations to supplement its disclosures in discovery, PCMH served supplemental responses to Plaintiff's First Demand for Documents and Things on February 26, 2020 which included an opportunity for plaintiff to inspect PCMH's logbook records and copies of all PCMH's incident reports, which are not work orders as plaintiff's counsel refers to them.

13. Plaintiff did not: avail himself of the opportunity to inspect PCMH's logbook records; nor to review PCMH's incident reports; nor did he request additional time to do so; nor did he contest defendant's production or seek the court's intervention prior to the February 28, 2020 discovery deadline. Moreover, Plaintiff did not raise this, or any discovery issue regarding defendant's production at the March 13, 2020 discovery status conference before the Honorable Peggy Kuo, Magistrate Judge. (*See* ECF Dkt. Minute Entry Entered March 13, 2020).

**Defendant's Rule 56.1 Counterstatement Exhibits**

14. All exhibits presented in Defendant's Rule 56.1 Counterstatement are true and correct copies of the documents that they purport to be:

| | | |
|---|---|---|
| Exhibit A. | Plaintiff's Amended Complaint |
| Exhibit B. | D0001 – D0002 Transfer Confirmation/Agreement |
| Exhibit C. | D0138 – D0145 Termination and COBRA Eligibility Letters |
| Exhibit D. | PCMH's First Amended Answer to the Amended Complaint; |
| Exhibit E. | D0177 New York WTPA Notice for 2012; |
| Exhibit F. | D0175 New York WTPA Notice for 2013; |
| Exhibit G. | D0198 – D0238 Time Card Reports for 2013; |
| Exhibit H. | D0239 – D0274 Time Card Reports for 2014; |
| Exhibit I. | D0275 – D0297 Wage Statements for 2013; |

| | |
|---|---|
| Exhibit J. | D0298 – D0325, D0572 Wage Statements for 2014; |
| Exhibit K. | D0326 – 0398 Earning Statements and Time Records for 2015; |
| Exhibit L. | D0399 – D0437 Earning Statements and Time Records for 2016; |
| Exhibit M. | D0438 Federal and State Poster Bulletin Board |
| Exhibit N. | Deposition of Corporate Defendant designate Danielle Hunter |
| Exhibit O. | Deposition of PCMH Regional Director Edna Sams |
| Exhibit P. | Deposition of Plaintiff Jose Perez |
| Exhibit Q. | D0443 – D0464 PCMH Attendance and Leave Policies |
| Exhibit R. | D0465 – D0479 PCMH FMLA, Workers' Compensation, Unemployment, and Pension and Retirement Policies |
| Exhibit S. | D0480 – D0490 PCMH Payment, Deductions, and Garnishment Policies |
| Exhibit T. | Daily Log Book Entries |
| Exhibit U. | D0557 – D0571 Incident Reports |
| Exhibit V. | D0172 Notice Of Personnel Action dated June 18, 2008 |
| Exhibit W. | D0170 Notice Of Personnel Action dated May 19, 2009 |
| Exhibit X. | D0011 – D0016 Lease Agreement – Live-In Superintendent |
| Exhibit Y. | D0184 – D0186 OCA Benefit Services Enrollment Form |
| Exhibit Z. | D0439 – D0440 Building Superintendent Job Description |
| Exhibit AA. | D0152 Notice of Personnel Action dated October 23, 2015 |
| Exhibit BB. | D0017 Plaintiff's Language Skills Form |
| Exhibit CC. | D0173 Plaintiff's Direct Deposit Request Form |
| Exhibit DD. | D0102 – D0103 Verbal Altercation Memos |

11060414v.1

| | |
|---|---|
| Exhibit EE. | D0147 – D0150 Special Investigation Report dated June 13, 2016 |
| Exhibit FF. | D0004 – D0010 Plaintiff's Application for Employment; |
| Exhibit GG. | Plaintiff's Complaint filed February 15, 2019 |
| Exhibit HH. | D047 – D052 Unemployment Insurance Appeal Board Decision and Notice of Decision |
| Exhibit II. | Defendant's Interrogatory Response |
| Exhibit JJ. | D0104 – D0134 Performance Evaluations noting Plaintiff's position/title as Building Superintendent |
| Exhibit KK. | P001 – P002 Earnings Statement June 26, 2009 |
| Exhibit LL. | Defendant's Rule 26 Expert Disclosure of Domenick Neglia |
| Exhibit MM. | D0539 – D0556 Further Incident Reports |
| Exhibit NN. | D0491 – D0500, Tenant Lease |
| Exhibit OO. | Complete Docket in Instant Action as of August 1, 2020 |
| Exhibit PP. | Transcript of Premotion Conference Before the Honorable Carol Amon United States District Judge August 9, 2019 |
| Exhibit QQ. | Defendants Supplemental Response to Plaintiffs First Demand for Documents and Things |

I, Celena R. Mayo, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Executed on:** August 26, 2020

*Celena R. Mayo*

11060414v.1