UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
JOSE PEREZ,

                                               Plaintiff,

      - against -

POSTGRADUATE CENTER FOR MENTAL HEALTH,

                                              Defendant.

Case No.: 19-cv-00931 (EK)(PK)

---------------------------------------------------------------------x


## MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT


                                                                  RESPECTFULLY SUBMITTED,

                                                                   WILSON, ELSER, MOSKOWITZ,
                                                                   EDELMAN & DICKER LLP
                                                                   Attorneys for Defendant
                                                                   150 East 42nd Street
                                                                   New York, New York 10017-5639
                                                                   (212) 490-3000
                                                                   File No.: 01593.01592


**COUNSEL:**    CELENA R. MAYO
                        JOSEF K. MENSAH


**SERVED ON SEPTEMBER 22, 2020**

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .................................................................................................................................1

    POINT I    PLAINTIFF'S CLAIMS ARE TIME-BARRED AND THE EVIDENTIARY RECORD PRECLUDES THE APPLICATION OF EQUITABLE TOLLING ......................................................................1

    POINT II    THE UNDISPUTED EVIDENTIARY RECORD ESTABLISHES THAT PLAINTIFF'S NEW YORK STATE OVERTIME CLAIMS FAIL BECAUSE HE WAS AN EXEMPT "RESIDENTIAL JANITOR" ..................................................................................................4

    POINT III    PLAINTIFF'S WAGE, OVERTIME, ON CALL, AND MEAL BREAK CLAIMS ARE PRECLUDED BY THE UNDISPUTED EVIDENTIARY RECORD ...................................................................4

        A.    Plaintiff's Own Admissions Preclude Plaintiff's Wage and Overtime Claims ............................................................................5

        B.    Plaintiff Cannot Establish PCMH had Actual or Constructive Knowledge of Alleged Additional Work Performed ...................................................................................................7

        C.    The Evidentiary Record Precludes Plaintiff's On-Call Claim ...................................................................................................8

    POINT IV    PLAINTIFF'S WAGE NOTICE CLAIMS ARE PRECLUDED AS A MATTER OF LAW AND BY THE EVIDENTIARY RECORD ...........9

CONCLUSION ............................................................................................................................10

11132607v.4

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anderson v. Mt. Clemens Pottery Co.*,
   328 U.S. 680, 66 S. Ct. 1187 (1946) .................................................................................. 5, 6

*Andryeyeva v. New York Health Care, Inc.*,
   45 Misc. 3d 820 (Sup. Ct. 2016) ............................................................................................ 8

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
   432 F. Supp. 2d 390 (S.D.N.Y. 2006) ................................................................................. 7, 8

*Cabrera v. Canela*,
   412 F. Supp. 3d 167 (E.D.N.Y. 2019) ..................................................................................... 9

*Calderon v. Mullarkey Realty, LLC*,
   No. 14-CV-2616 (PKC)(RLM), 2018 WL 2871834 (E.D.N.Y. June 10, 2018) ....................... 8

*Clarke v. JPMorgan Chase Bank, N.A.*,
   2010 WL 1379778 (S.D.N.Y. Mar. 26, 2010) ........................................................................ 2

*Daniels v. 1710 Realty LLC*,
   10-cv-0022 (RER), 2011 WL 3648245 (E.D.N.Y. Aug. 17, 2011) ........................................ 7

*Ellis v. Commonwealth Worldwide Chauffeured Transp. of NY, LLC*,
   No. 10-cv-1741 (DLI)(JO), 2012 WL 1004848 (E.D.N.Y. Mar. 23, 2012) ............................ 7

*Forrester, Forrester v. Roth's I.G.A. Foodliner, Inc.*,
   646 F.2d 413 ........................................................................................................................... 7

*Garcia v. Saigon Mkt. LLC*,
   No. 15-CV-9433 (VSB),
   2019 WL 4640260 (S.D.N.Y. Sep. 24, 2019) ..................................................................... 1, 2

*Gunawan v. Sake Sushi Rest.*,
   09-cv-5018 (ALC), 2011 WL 3841420 (E.D.N.Y. Aug. 26, 2011) ........................................ 3

*Holzapfel v. Town of Newburgh*,
   145 F.3d 516 (2d Cir. 1998) ................................................................................................ 7, 8

*Kolesnikow v. Hudson Valley Hosp. Ctr.*,
   622 F. Supp. 2d 98 (S.D.N.Y. 2009) ...................................................................................... 7

*Kuebel v. Black & Decker Inc.*,
   643 F.3d 352 (2d Cir. 2011) ................................................................................................... 6

11132607v.4

*Lee v. Kim*,
  No. 12-cv-316 (RER), 2013 WL 4522581, (E.D.N.Y Aug. 27, 2013) ........................................ 4

*Marin v. Apple-Metro, Inc.*,
  No. 12cv-5274 (ENV)(CLP), 2017 WL 4950009 (E.D.N.Y. Oct. 4, 2017) ............................ 10

*Mendez v. U.S. Nonwovens Corp.*,
  No. 12-cv-5583 (ADS)(SIL), 2016 WL 1306551 (E.D.N.Y. Mar. 31, 2016) ........................... 2

*Padilla v. Manlapaz*,
  643 F. Supp. 2d 302 (E.D.N.Y. 2009) ..................................................................................... 5

*Patraker v. Council on the Env't*,
  No. 02-cv-7382 (LAK) 2003 WL 22703522 (S.D.N.Y. Nov. 17, 2003) .................................. 3

*Pietri v. N.Y.S. Office of Court Admin.*,
  936 F. Supp. 2d 120 (E.D.N.Y. 2013) ..................................................................................... 3

*Singh v. City of New York*,
  524 F.3d 361 (2d Cir. 2008) ................................................................................................. 8, 9

*Smith v. Am. President Lines, Ltd.*,
  571 F.2d 102 (2d Cir. 1978) ..................................................................................................... 3

*Tho Dinh Tran v. Alphonse Hotel Corp.*,
  281 F.3d 23 (2d Cir. 2002) ....................................................................................................... 3

*Vega v. Trinity Realty Corp.*,
  No. 14-cv-7417 (RJS)(KNF), 2015 WL 13203451 (S.D.N.Y. July 28, 2015) ......................... 8

*Veltri v. Bldg. Serv. 32b-J Pension Fund*,
  393 F.3d 318 (2d Cir. 2004) ..................................................................................................... 3

**Statutes**

29 U.S.C. § 207 ................................................................................................................................ 1

29 U.S.C. § 255(a) ........................................................................................................................... 1

NYLL § 190 ..................................................................................................................................... 1

NYLL § 191 ..................................................................................................................................... 1

NYLL § 193 ..................................................................................................................................... 1

NYLL § 195 ............................................................................................................................... 1, 10

NYLL § 195(3) ............................................................................................................................... 10

11132607v.4

NYLL § 195(4) ........................................................................................................................... 10

NYLL § 198 ........................................................................................................................... 1, 10

NYLL § 198(1-b) .................................................................................................................... 9, 10

NYLL § 650 ................................................................................................................................. 1

**Other Authorities**

Wage Theft Prevention Act, 2010 N.Y. LAWS 564, § 7 ............................................................... 9

**Rules**

12 NYCRR § 141-1.4 ............................................................................................................... 1, 4

12 NYCRR § 141-3 ...................................................................................................................... 4

12 NYCRR § 141-3.1(a)-(b) ........................................................................................................ 4

12 NYCRR § 142-2.2 ................................................................................................................... 1

12 NYCRR § 412-2.1(b) .............................................................................................................. 8

Fed. R .Civ. P. 56 ......................................................................................................................... 1

Fed. R. Civ. P. 56.1 ...................................................................................................................... 2

**Regulations**

29 C.F.R. § 516.4 ......................................................................................................................... 3

29 C.F.R. § 516.5 ....................................................................................................................... 10

29 C.F.R. § 785.17 ....................................................................................................................... 8

11132607v.4

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted in reply to plaintiff's opposition to Defendant Postgraduate Center for Mental Health's ("PCMH") Federal Rules of Civil Procedure ("FRCP") Rule 56 Motion for Summary Judgment seeking dismissal of plaintiff's Fair Labor Standards Act 29 U.S.C. § 207, *et seq.* ("FLSA"), New York Labor Law ("NYLL") §§ 190, 191, 193, 195, 198, and § 650 *et seq.,* and New York Codes, Rules and Regulations ("NYCRR") 12 NYCRR §§ 141-1.4, 142-2.2 claims.

The evidentiary record and plaintiff's opposition confirm that there are no genuine issues of material fact and summary judgment is warranted now: because (i) plaintiff was a residential janitor as defined by the NYCRR, and that (ii) PCMH made complete and timely payment of plaintiff's wages; (iii) maintained all appropriate employee records and accurate wage statements and time records; (iv) conspicuously posted employee wage and hour rights; and, (v) did not have actual or constructive knowledge of any alleged uncompensated hours. Further, plaintiff has failed to present any substantiating evidence that PCMH willfully violated the FLSA or engaged in any deception warranting equitable tolling, and confirms that the claims were not diligently pursued.

## ARGUMENT

### POINT I
### PLAINTIFF'S CLAIMS ARE TIME-BARRED AND THE EVIDENTIARY RECORD PRECLUDES THE APPLICATION OF EQUITABLE TOLLING

Plaintiff's employment at PCMH was terminated on June 6, 2016 and he filed his present Complaint on February 15, 2019. This renders his FLSA claim time barred.  29 U.S.C. § 255(a).

The evidentiary record and plaintiff's own admissions preclude him from circumventing the statute of limitations via equitable tolling, both of which he acknowledges can be decided via summary judgment. *See Garcia v. Saigon Mkt. LLC*, No. 15-CV-9433 (VSB), 2019 WL 4640260,

1

at *12 (S.D.N.Y. Sep. 24, 2019); *Clarke v. JPMorgan Chase Bank, N.A.*, 2010 WL 1379778, at *10 (S.D.N.Y. Mar. 26, 2010).

Like in *Garcia*, plaintiff alleges that PCMH did not provide wage notices and did not correctly calculate wages. However, PCMH maintained and provided plaintiff with over 230 pages of comprehensive employment records and employee policies for **all** hours that plaintiff worked in all circumstances; and, plaintiff's admission that he notified his supervisor if he performed additional work, that she would record the time for him, and that he would be paid for the time that he worked constitutes an admission that he availed himself of the aforementioned PCMH policies. *See id.*; PCMH Rule 56.1 Statement ("DSOF") at ¶ 71; *Garcia*, 2019 WL 4640260, at *12. Further, plaintiff is simply wrong when he alleges that PCMH's automatic lunch break deduction violates the FLSA. It does not, and PCMH's use of an automatic lunch break deduction cannot support a claim for willfulness. *See Mendez v. U.S. Nonwovens Corp.*, No. 12-cv-5583 (ADS)(SIL), 2016 WL 1306551, at *6 (E.D.N.Y. Mar. 31, 2016) ("the existence of a policy of mandatory meal breaks with an automatic pay deduction for the break time … by itself, does not violate the FLSA").

Plaintiff also concedes in his motion papers that PCMH posted requisite FLSA and NYLL wage and employee rights postings on a bulletin board in the fifth floor employee office, but appears to argue that PCMH was required to provide a separate posting for plaintiff. *See* Opposition MOL at p. 19. Plaintiff's argument is belied by his own under oath admission wherein he testified that the fifth floor office was an open office to which he had access, that he regularly entered to clean, and to which he escorted a PCMH resident to meet the program director. *See* DSOF at ¶ 67. The placement of PCMH's posters in the fifth floor *employee* office unequivocally meets federal and state labor law conspicuous posting standards as PCMH placed the posters within Columbia Street where plaintiff, like the counselors seated in the fifth floor office, could

2

readily observe a copy. *See Patraker v. Council on the Env't*, No. 02-cv-7382 (LAK) 2003 WL 22703522, at *2 (S.D.N.Y. Nov. 17, 2003) (citing 29 CFR § 516.4).

In light of this unequivocal evidentiary record, plaintiff attempts to salvage his equitable tolling claim by relying on *Veltri v. Bldg. Serv. 32b-J Pension Fund*, 393 F.3d 318 (2d Cir. 2004). Plaintiff's reliance is misplaced. In *Veltri* the Second Circuit clarified that while an out-and-out fraud was not necessary for an equitable tolling claim, it would not establish "a simple mechanical rule that failure to notify a claimant of her right to bring an action in court automatically tolls the statute of limitations." *Veltri at* 326 (2d Cir. 2004). This Court's decision in *Gunawan v. Sake Sushi Rest.*, follows *Veltri* and clarifies that a failure to give an FLSA notice "is insufficiently extraordinary [for purpose of equitable tolling] in the absence of some sort of deception". *See Gunawan v. Sake Sushi Rest.*, 09-09-cv-5018 (ALC), 2011 WL 3841420, at *3 (E.D.N.Y. Aug. 26, 2011) cv-5018 (ALC), 2011 WL 3841420, at *3 (E.D.N.Y. Aug. 26, 2011) (internal quotations omitted); *see also Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 36-37 (2d Cir. 2002); *Pietri v. N.Y.S. Office of Court Admin.*, 936 F. Supp. 2d 120, 138 (E.D.N.Y. 2013).

Furthermore, Plaintiff's unequivocal failure to exhibit due diligence to pursue his claims further undermines his request for equitable tolling, i.e., his admission that as early as 2016 he believed he had not been properly paid, and that he failed to pursue his belief with his previous employment attorney, V. Jonas Urba, Esq. who assisted him with pursuing unemployment benefits attendant to his employment tenure in 2016. *See* DSOF at ¶¶ 64-65; *See Smith v. Am. President Lines, Ltd.*, 571 F.2d 102, 109-10 (2d Cir. 1978); *Patraker*, 2003 WL 22703522, at *2.

Plaintiff's reliance on *Cheeks* is also erroneous in that PCMH does not seek a waiver of plaintiff's rights, but seeks dismissal of plaintiff's FLSA claims in dispositive motion practice. In light of the foregoing, plaintiff's willfulness and equitable tolling claims must be denied now.

3

## POINT II
## PLAINTIFF'S NEW YORK STATE OVERTIME CLAIMS FAIL BECAUSE HE WAS AN EXEMPT "RESIDENTIAL JANITOR"

Plaintiff concedes he was the sole live-in superintendent at the Columbia Street Residence. This concession requires the dismissal of his New York overtime claims as a matter of law because as the sole live-in superintendent plaintiff was exempt under the New York's Minimum Wage Order for the Building Services Industry ("Wage Order"). *See* Plaintiff's Rule 56.1 Counterstatement, at ¶ 9 (referring to plaintiff as a "super"); Plaintiff's Additional Statement of Facts, at ¶¶ 6, 8; DSOF at ¶ 15; 12 NYCRR § 141-3; *Lee v. Kim*, No. 12-cv-316 (RER), 2013 WL 4522581, (E.D.N.Y Aug. 27, 2013). A live-in superintendent is not entitled to overtime pay under the NYLL. *See* 12 NYCRR § 141-1.4. Plaintiff was not subject to any employment agreements during his tenure and PCMH employed plaintiff at will. *See* DSOF at Exhibit ("Exh.") "B".

Plaintiff erroneously argues that PCMH is not subject to the Wage Order because it is a charitable, nonprofit organization. However, PCMH is subject to the Wage Order because it is "**engaged *in whole or in part* in renting … managing buildings or building space**" and it **does not use its building *solely*** for religious, charitable, or educational purposes. *See* 12 NYCRR § 141-3.1(a)-(b) (emphasis added). The Columbia Street Residence constitutes a residential building, and does not constitute a "mental institution" as plaintiff's counsel offensively claims; and, each resident of Columbia Street is subject to a lease and pays rent. *See* Sams Decl. ¶¶ 3-4.

## POINT III
## PLAINTIFF'S WAGE, OVERTIME, ON CALL, AND MEAL BREAK CLAIMS ARE PRECLUDED BY THE UNDISPUTED EVIDENTIARY RECORD

It is respectfully submitted that the undisputed evidentiary record, including PCMH's payroll records and plaintiff's own admissions, establish that plaintiff was appropriately paid for each and every time he worked, that his time records and wage statements are accurate, and therefore preclude plaintiff from establishing that he was required to work off the clock. *See*

4

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 1192 (1946) ("When the employer has kept proper and accurate records, the employee may easily discharge his burden by securing the production of those records").

### A. Plaintiff's Own Admissions Preclude Plaintiff's Wage and Overtime Claims

Plaintiff does not dispute that he has no documents or notes, text messages or communications, or witness statements that would controvert PCMH's time records and earning statements, which establish that the overtime hours that plaintiff was already compensated for are the only overtime hours that plaintiff actually worked. *See* DSOF at ¶ 53.

Plaintiff erroneously attempts to rely on *Padilla* to argue that his word and recollection as to his claims should be enough to withstand summary judgment. *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 308 (E.D.N.Y. 2009). Unlike the defendant in *Padilla*, PCMH disputes that plaintiff worked the amount of hours he alleges to have worked, and has produced plaintiff's complete wage and hour records for the entire statutory period - over 230 pages of plaintiff's time records and earning statements - that demonstrate, *inter alia*, PCMH complied with recordkeeping standards pursuant to the FLSA and the NYLL; plaintiff worked on average a 35-hour workweek consistent with the Transfer Confirmation Agreement plaintiff signed and consistent with PCMH policy which defines a fulltime employee as one who has a 35 hour per week schedule; plaintiff regularly clocked in if he worked hours outside of his regular schedule; and, if he forgot to clock in, he was nonetheless paid for all hours worked because he notified his supervisor who would log the time. *See* DSOF at ¶¶ 18, 38; *Padilla*, 643 F. Supp. 2d at 308.

Notably, plaintiff stated under oath that his 2015 and 2016 time records and earning statements are *wholly* accurate:

Q.  Now we just went over your pay documents for 2016 and they clearly indicate that you were being paid for working in addition to 35 hours in the workweek. Is it your position now that those documents are wrong?

> A. I have no idea.
>
> Q. Do you have any basis to believe that those documents are wrong?
>
> A. That I was paid overtime?
>
> Q. That the documents showing that you were paid overtime are inaccurate?
>
> A. No. I believe they are accurate. Because I was told to punch in at specific times to do specific jobs. In some cases they were accurate.
>
> Q. Well, in some cases or in all cases? Do you have reason to believe they are not accurate Mr. Perez?
>
> A. I believe they are accurate.

Perez Dep. 220:7-221:2 at DSOF, Exh. "P". This concession vitiates his motion for summary judgment as to any FLSA claim which accrued during the FLSA period. *See* DSOF at ¶ 31. PCMH's records are indisputably accurate as plaintiff confirms, and plaintiff is unable to use these records to meet his burden of "proving that he performed work for which he was not properly compensated." *See  Anderson*, 328 U.S. 680 at 687; *compare Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363 (2d Cir. 2011) (holding that an issue of fact is created where time sheets showed only one instance of overtime over nine-month period and plaintiff alleged that he was forbidden from accurately recording overtime work on his time sheets) *with* DSOF at ¶ 42(d) ("In 2016, there were 20 instances over 13 work weeks in which plaintiff clocked out late, or clocked in to perform work outside of his regular shift or on his days off").

      Faced with these concessions, plaintiff resorts to misstating the evidentiary record by alleging that PCMH conceded that he did not take his full lunch hour.  PCMH has never conceded this and in fact, Regional Director Edna Sams has declared that on her multiple visits to Columbia Street during the mid-day period, plaintiff always took his lunch break for the entire hour and generally went off site to do so. *See* Sams Decl. ¶ 22. Nor has plaintiff identified any evidence that Defendant violated their written policies and declined to pay Plaintiff when he told his supervisor

that he could not take a meal break. *Ellis v. Commonwealth Worldwide Chauffeured Transp. of NY, LLC*, No. 10-cv-1741 (DLI)(JO), 2012 WL 1004848, at *9 (E.D.N.Y. Mar. 23, 2012).

Plaintiff also incorrectly alleges that the value of the superintendent's apartment should be used to calculate plaintiff's time barred overtime rate. Plaintiff is wrong. As discussed above, plaintiff was a residential janitor, and not entitled to overtime wages pursuant to the NYLL (and its attendant six year statute of limitations); and, the two-year FLSA limitations period applies, vitiating any and all of plaintiff's claims to overtime or further compensation.

### B. Plaintiff Cannot Establish PCMH had Actual or Constructive Knowledge of Any Alleged Additional Work Performed.

Although plaintiff appears to concede that the onus is not on the employer to "ferret" out work that is not reported under its reasonable procedures, he nonetheless attempts to rely on the inapposite holdings of *Barfield* and *Holzapfel* where the defendants did not have appropriate timekeeping systems in place. *Barfield v. N.Y.C. Health & Hosps. Corp.*, 432 F. Supp. 2d 390 (S.D.N.Y. 2006) *Holzapfel v. Town of Newburgh*, 145 F.3d 516 (2d Cir. 1998); *see also Hinterberger v. Catholic Health Sys.*, 299 F.R.D. 22, 45 (W.D.N.Y. 2014) ("Several Circuit Courts … expressly declined to place the onus on employers to ferret out work that is not reported under its reasonable procedures"); *Ellis*, 2012 WL 1004848, at *9; *Forrester*, *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414; *Kolesnikow v. Hudson Valley Hosp. Ctr.*, 622 F. Supp. 2d 98, 118-19 (S.D.N.Y. 2009).

Indeed, plaintiff's admissions preclude the application of *Barfield* and *Holzapfel* in that plaintiff concedes: 1) he knew that in order for PCMH to track his hours he would need to clock in and out via the electronic time system; and 2) he availed himself of PCMH's reasonable reporting procedures, i.e., he admits that in the event he did not clock in/out, he would tell his director, she would record the time for him in PCMH's time keeping system, and he was paid for the time that he worked. *See* DSOF, ¶ 71; Barfield, 432 F. Supp. 2d at 394; *Holzapfel* 145 F.3d at

7

519. Plaintiff's assent to and consistent use of PCMH's reasonable reporting procedures establish that PCMH could not have had actual or constructive knowledge of plaintiff's alleged work during meal breaks or alleged additional overtime work as a matter of law. *See Gordon*, 299 F.R.D. at 396.

### C. The Evidentiary Record Precludes Plaintiff's On-Call Claim

Plaintiff's opposition papers do not refute the clear evidentiary record establishing that: plaintiff is not entitled to "on call" compensation even if he was expected to be reachable for emergencies because the record and his own admissions establish that he was free to leave the premises and engage in personal activities after hours. *See* 29 C.F.R. § 785.17; 12 NYCRR §412-2.1(b); *Singh v. City of New York*, 524 F.3d 361 (2d Cir. 2008) (employees may only seek compensation for time spent "on-call" where their employer restricts their ability to use time freely for their own benefit); *Calderon v. Mullarkey Realty, LLC*, No. 14-CV-2616 (PKC)(RLM), 2018 WL 2871834, at *17 (E.D.N.Y. June 10, 2018); *Andryeyeva v. New York Health Care, Inc.*, 45 Misc. 3d 820 (Sup. Ct. 2016); *see also Vega v. Trinity Realty Corp.*, No. 14-cv-7417 (RJS)(KNF), 2015 WL 13203451, at *6 (S.D.N.Y. July 28, 2015).

The evidentiary record undermines plaintiff's conclusory allegations that he was engaged to be waiting, seven days a week and was not told when he could leave because, *inter alia*,

- His wage and hour statements demonstrate that he consistently worked a regular shift from 8:00 a.m. to 4:00 p.m. every Sunday to Thursday;

- His executed Transfer/Confirmation Agreement states he would report to work for only 35 hours per week;

- He concedes that 8:00 a.m. to 4:00 p.m. were the same hours that he kept at his two prior PCMH residential buildings; and

- He consumed alcohol afterhours, and left the Columbia Street Residence to consume alcohol at local Brooklyn bars.

8

*See* DSOF at ¶ 43. Moreover, the undisputed evidentiary record establishes that plaintiff's assertion that he regularly responded to after-hours emergencies and worked until 11:00 p.m. is wrong. Columbia Street Residence incident report records establish that plaintiff only responded to one incident that occurred <u>during</u> plaintiff's regular 8:00 a.m. to 4:00 p.m. shift on Thursday April 27, 2016, when he accompanied a resident in need of medical assistance to the Program Director's fifth floor office. *See* DSOF at ¶ 52. As a further example of not being on call until 11:00 p.m., the termination investigation and administrative law judge unemployment decision demonstrate that plaintiff was already off duty by 8:00 p.m. on a Monday, a regular work day, and that he testified that he left Columbia Street to consume alcohol at a local bar prior to the incident. *See* DSOF Exh. "EE", "HH". PCMH did not restrict or hinder plaintiff from using his time off freely and as a result plaintiff is not entitled to any additional compensation for time on-call. *See Singh*, 524 F.3d at 361.

**POINT IV**
**PLAINTIFF'S WAGE NOTICE AND WAGE STATEMENT CLAIMS ARE PRECLUDED AS A MATTER OF LAW AND BY THE EVIDENTIARY RECORD**

Plaintiff does not cite to any legal authority to refute that the NYLL Wage Theft Prevention Act ("WTPA") has <u>never</u> provided a private right of action for violations of its annual notice requirements – it <u>only</u> provides a right of action for failure to provide a proper wage notice <u>upon hiring</u>. *See* N.Y. Lab. Law ("NYLL") § 198(1-b) (originally enacted as part of the WTPA, 2010 N.Y. LAWS 564, § 7); *Cabrera v. Canela*, 412 F. Supp. 3d 167, 185 (E.D.N.Y. 2019) ("the WTPA did not provide for damages for annual wage notice violations during the time that the annual notice requirement was in effect"). PCMH hired plaintiff on June 25, 2008, three years prior to the WTPA's April 9, 2011 effective date, and cannot be liable for the new employee notice.

Moreover, while plaintiff argues that he did not receive copies of his 2012 and 2013 annual WTPA notices, plaintiff admitted, under oath, that he signed an acknowledgment of receipt for his annual notices in 2012 and 2013, and that he received copies of other important paperwork during

9

his tenure, i.e. his lease agreement. *See* Perez Decl., at ¶ 11; DSOF at ¶¶ 22, 25; NYLL § 195; *Marin v. Apple-Metro, Inc.*, No. 12cv-5274 (ENV)(CLP), 2017 WL 4950009, at *34 (E.D.N.Y. Oct. 4, 2017)("provided that the notice was given and . . . acknowledged . . ., the extent to which the employee . . . [understood] the contents . . . is not material"); NYLL § 198(1-b).

The documentary evidence also establishes that: PCMH furnished plaintiff with wage statements on each payroll date; those wage statements included all requisite NYLL information; and, PCMH maintained and preserved payroll records along with the time records. *See* DSOF at ¶ 31; 29 C.F.R. § 516.5 ("Each employer shall preserve for at least three years: (a) Payroll records …"); NYLL § 195(3) (employers must "furnish each employee with a statement with every payment of wages…"); NYLL § 195(4) (employers must "establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records…").

Moreover, the documentary evidence also establishes that PCMH made complete and timely payment of plaintiff's wages (an affirmative defense to NYLL wage notice and wage statement violations), and is confirmed by plaintiff's sworn testimony that his 2015 and 2016 time records and earning statements are accurate. *See* NYLL § 198; DSOF at ¶ 39.

## CONCLUSION

For the foregoing reasons, PCMH respectfully requests that their Rule 56 motion be granted in its entirety, that each of plaintiff's remaining causes of action be dismissed, and that the Court grant such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         September 22, 2020

                                                    WILSON, ELSER, MOSKOWITZ,
                                                    EDELMAN & DICKER LLP

                                                    By: _____
                                                    Celena R. Mayo
                                                    Josef K. Mensah
                                                    150 East 42nd Street NY, NY 10017
                                                    (212) 490-3000

10

11132607v.4