UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
JOSE PEREZ, :
 :  **REPORT AND**
 Plaintiff, :  **RECOMMENDATION**
 :
 -against- :  19-CV-931 (EK) (PK)
 :
POSTGRADUATE CENTER FOR MENTAL :
HEALTH, :
 :
 Defendant. :
----------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

The undersigned has reviewed the proposed Settlement Agreement and Release as to Wage and Hour Claims (Dkt. 60-1) and the related submissions, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), to determine whether the Motion for Settlement Approval (Dkt. 60) should be granted.

The relevant facts are set forth in the Court's Memorandum & Order resolving the parties' cross-motions for summary judgment. (*See* Dkt. 55 at 2-5.)

*Cheeks* requires a court to determine whether the settlement amount and payment plan are fair and reasonable, and whether the attorneys' fees requested are reasonable. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). Among the factors to be considered by a court, under the totality of circumstances, are "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *See id.* at 335 (internal quotation marks and citations omitted). A court must also be vigilant about settlement agreements that include highly restrictive confidentiality provisions, overbroad releases, or other potentially abusive provisions. *See*

*Cheeks*, 796 F.3d at 206 (examining bases on which district courts have rejected proposed FLSA settlements).

Here, Plaintiff's total recovery under the settlement agreement would be $100,000, a substantial sum in light of Plaintiff's wide range of possible recovery even if he were to prevail on all of his FLSA and NYLL claims—between $41,948.92 and $274,120.84 (excluding liquidated damages). (*See* Dkt. 60 at 2-3.) The portion of the settlement amount to be paid to Plaintiff would exceed his possible recovery under the FLSA and is approximately 40% of his possible recovery for overtime wages under the NYLL. (*See id.* at 3.)

Furthermore, the parties would face real and serious litigation burdens and risks should this case proceed to trial, especially in light of the many disputes of material fact noted in the Court's Memorandum & Order denying Plaintiff's motion for summary judgment and granting in part and denying in part Defendant's motion for summary judgment. (*See, e.g.*, Dkt. 55 at 10-11, 16-17, 18-19, 26-27.) At a fairness hearing before the undersigned, Plaintiff's counsel specified that proving willfulness of Defendant's alleged violations would be a major risk for Plaintiff's FLSA claim, while a major risk for his NYLL overtime wages claim would be that the claim might be entirely precluded by the NYLL's "janitorial exemption." Other challenges mentioned by Plaintiff's counsel include proving certain hours worked by Plaintiff and calculating the value of the apartment that Defendant had provided to Plaintiff. In his supporting letter, Plaintiff's counsel also states that a "major" point of consideration during mediation was the "enormous" attorneys' fees that had already been incurred, as well as the likelihood that trial preparation, trial, and post-trial proceedings would generate even more fees. (*See* Dkt. 60 at 3.)

Finally, the parties were represented by counsel and assisted by a mediator from the EDNY Mediation Panel, suggesting that the settlement was the product of arm's length negotiations, and limiting any possibility of fraud or collusion. Indeed, at the fairness hearing, Plaintiff's counsel stated

that the parties were guided to the total settlement amount—as well as its specific breakdown of recovery, attorneys' fees, and costs—by the mediator.

The attorneys' fees requested ($83,262.25) is approximately 45% of the total settlement amount ($185,000), which is higher than customary in this Circuit. *See Alvarez v. Sterling Portfolio Inv., LP*, No. 16 Civ. 5337 (CBA) (VMS), 2017 WL 8790990, at *4 (E.D.N.Y. Dec. 13, 2017) (collecting cases). However, the Second Circuit has held that "the percentage of attorneys' fees cannot be the determinative factor in evaluating the reasonableness of the award." *Fisher v. SD Protection Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (district court erred in concluding that "maximum fee percentage" plaintiff's counsel may retain is generally limited to 33% of total settlement amount).

Plaintiff's counsel submitted timesheets reflecting 249.63 hours of work. (*See* Dkt. 60-2.) Applying a "reduced fee-shifting rate of $500hr," Plaintiff reports a total lodestar amount of $124,816.67. (*See* Dkt. 60 at 5.) Courts in this District have found that Plaintiff's counsel's skill and experience warrant awarding him a rate of $450 per hour. *See, e.g.*, *Almond v. PJ Far Rockaway, Inc.*, No. 1:15-cv-06792-FB-JO, 2018 WL 922184, at *2 (E.D.N.Y. Feb. 15, 2018). Some reductions in the hours billed is also appropriate. Plaintiff expended approximately 70 hours drafting a summary judgment motion that was ultimately not successful, failed to reduce the hours billed for travel to 50%, *see Singh v. Zoria Hous. LLC*, No. 16-CV-02901 (SJ) (RER), 2017 WL 6947717, at *4 (E.D.N.Y. Nov. 17, 2017), *R. & R. adopted*, 2018 WL 437492 (E.D.N.Y. Jan. 16, 2018) (collecting cases), and also billed one hour for "Estimate[d] time to complete remainder of case," without having actually worked that time. (*See, e.g.*, Dkt. 60-2 at 5 (Nov. 5, 2019 time entry), 18 (Dec. 30, 2021 time entry).) Even using an hourly rate of $450 and reducing the total hours billed by 15% to account for any inefficiencies or improprieties, the lodestar would be $95,483.475, which is still more than the requested attorneys' fees.

The undersigned therefore finds that the attorneys' fees requested are reasonable.

The undersigned also finds that the settlement agreement contains a release that is appropriately limited to wage and hour claims, and does not include any potentially abusive provisions.

Accordingly, the undersigned respectfully recommends that the Motion for Settlement Approval be GRANTED, and that the Settlement Agreement and Release as to Wage and Hour Claims be APPROVED.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation.  *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:  February 7, 2022
         Brooklyn, New York